**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

SHATRIA GAINES-BUCK,
**Plaintiff.**

**vs.**

CENTRAL RESEARCH, INC.
**Defendant.**

**Case No:**

Case: 2:26−cv−12892
Assigned To : Murphy, Stephen J., III
Referral Judge: Patti, Anthony P.
Assign. Date : 8/17/2026
Description: CMP GAINES−BUCK v CENTRAL RESEARCH, INC ET AL (JP)

**COMPLAINT & JURY DEMAND**

## INTRODUCTION

1. Plaintiff, Shatria Gaines-Buck (hereinafter "Plaintiff"), brings this action against Central Research, Inc. (CRI) (hereinafter "Defendant") to recover actual damages, statutory damages, punitive damages, and costs under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendant's willful and/or negligent violations of the FCRA.

2. Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumers from inaccurate and misleading credit reporting. The FCRA imposes duties upon furnishers of information to provide complete and accurate information and to conduct a reasonable investigation after receiving notice of a consumer dispute from a consumer reporting agency.

3. Despite receiving notice of Plaintiff's dispute through the consumer reporting agency dispute process, Defendant continued furnishing false, inaccurate, and misleading information regarding Plaintiff's student loan accounts, causing harm to Plaintiff and undermining the purposes of the FCRA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

5. The venue is proper in the Eastern District of Michigan under 28 U.S.C. §1391(b), as Defendants regularly conduct business in this district and the events giving rise to the claim occurred here.

## PARTIES

6. Plaintiff is a natural person residing in Michigan. Plaintiff is a “consumer” as defined by the FCRA 15 U.S.C. §1681a(c).

7. Defendant is a business entity with its principal place of business located at 106 N. Bloomington, Suite S, Lowell, Arkansas 72745.

8. Defendant is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, and regularly furnishes information concerning consumers and their accounts to one or more consumer reporting agencies for inclusion in consumer reports.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation with the U.S. Department of Education in the form of federal student loan debt for personal, family, or household purposes.

10. Defendant, Central Research, Inc., acted as the servicer of Plaintiff's federal student loan accounts by handling billing and customer service on behalf of the U.S. Department of Education and furnishing information concerning those accounts to the consumer reporting agencies, Transunion, Experian and Equifax.

11. On or around May 20, 2026, Plaintiff obtained her consumer report in hopes of applying for a home, and discovered that Defendant was furnishing inaccurate student loan accounts with delinquent information including, status of "Over 120 Days Past Due," inaccurate payment history, and past-due balances. ***Please refer to attached Exhibit A.***

12. Prior to submitting her dispute through the consumer reporting agency, Plaintiff contacted Defendant directly to advise that the reporting was inaccurate and that she was enrolled in school, making the accounts eligible for deferment. Defendant instructed Plaintiff to submit the dispute through the consumer reporting agency.

13. Plaintiff thereafter submitted a dispute to Equifax and provided supporting documentation reflecting her enrollment and deferment status from January 2026 through May 2026. Upon information and belief, Equifax transmitted Plaintiff's dispute and supporting documentation to Defendant as part of the reinvestigation process. ***Please refer to attached Exhibit B and C.***

14. Following the reinvestigation process, Plaintiff was notified that certain information associated with the disputed accounts had been updated.

15. On or around June 18, 2026, Plaintiff reviewed her updated consumer report and discovered that three of the five disputed student loan accounts continued reporting false, inaccurate, and misleading information.

16. The account ending in 0029 continued reporting an account status of "Over 120 Days Past Due," delinquent payment history, past-due balances, and a deferred notation indicating the account was in deferment while still reflecting delinquent information. ***Please refer to attached Exhibits D, E and F.***

17. The account ending in 9829 continued reporting an account status of "Over 120 Days Past Due," delinquent payment history, past-due balances, and a deferred notation indicating the account was in deferment while still reflecting delinquent information. ***Please refer to attached Exhibits G, H and I.***

18. The account ending in 9929 continued reporting an account status of "Over 120 Days Past Due," delinquent payment history, past-due balances, and a deferred notation indicating the account was in deferment while still reflecting delinquent information. Please refer to attached ***Exhibits J, and K.***

19. Following Defendant's reinvestigation, Plaintiff's consumer report reflected that the accounts had been marked as disputed, indicating that Defendant's investigation had been completed. Despite completing its investigation, Defendant continued furnishing false, inaccurate, and misleading information concerning Plaintiff's student loan accounts.

20. Defendant had a duty under the FCRA to conduct a reasonable investigation of the disputed information, review the information provided through the consumer reporting agency, and furnish complete and accurate information to consumer reporting agencies.

21. Despite receiving Plaintiff's dispute and supporting documentation concerning her enrollment and deferment status, Defendant failed to correct and verify the disputed information before continuing to furnish the information following the completion of its investigation.

22. Defendant reported a deferment notation on Plaintiff's student loan accounts. Nevertheless, no correction was made to three of the disputed accounts, and Defendant continued furnishing false,

23. Defendant's conduct was willful and negligent. Prior to and during the dispute process, Defendant was notified of the inaccurate reporting through Plaintiff's direct communication with Defendant and through five separate disputes submitted through the consumer reporting agency.

24. Despite these multiple opportunities to investigate and correct the reporting, Defendant continued furnishing false, inaccurate, and misleading information concerning Plaintiff's student loan accounts.

25. Prior to filing this action, Plaintiff contacted Defendant and made a good-faith effort to resolve this matter directly and avoid litigation in an effort to save the Court time and resources. Plaintiff provided Defendant with a copy of the Complaint and Exhibits supporting her claims.

26. Defendant referred the matter to Shane Taylor, Associate General Counsel of Compliance.

27. Defendant initially stated that Plaintiff's account information had been updated and transmitted to the nationwide consumer reporting agencies on April 3, 2026, and that such updates could take 30 to 60 days to process and fully reflect on a consumer report.

28. Plaintiff provided Defendant with credit reporting dated June 27, 2026, and July 2, 2026, obtained directly from Equifax showing that, despite the fact they claimed April 3, 2026 they did an update, and even considering the stated 30 to 60 day processing period, the inaccurate information still remained on all five disputed accounts after that period.

29. Plaintiff also explained that she disputed the information a second time in May, and the June 8th results still reflected three of the five accounts with inaccurate reporting.

30. Defendant acknowledged the documentation provided by Plaintiff and stated that it was working with Equifax to determine why the accounts continued to display conflicting information. This response acknowledged that the information reflected in Plaintiff's provided credit reports most certainly contained inaccuracies.

31. After almost a week of waiting on the results Defendant subsequently represented that its internal records and Equifax's live database showed all five accounts as current and deferred, with no historical delinquencies or past-due balances. Defendant further stated that Plaintiff's enrollment information had not been automatically transmitted through the standard clearinghouse process and that Defendant had processed Plaintiff's paper deferment application and updated its records on April 3, 2026.

32. Plaintiff then requested the documentation supporting Defendant's representations, including records showing what information Defendant furnished to Equifax during the relevant reporting period, so that Plaintiff could independently evaluate Defendant's position and determine whether Defendant should be excluded as the source of the reporting issue.

33. Plaintiff also provided Defendant with a copy of the July 2, 2026 account reporting to show that the reporting was still inaccurate, contradicting Defendant's explanation. ***Please refer to attached Exhibits L.***

34. Defendant failed to provide the requested documentation and instead continued to reiterate that its internal records and Equifax's current live database reflected accurate reporting and stated that Plaintiff should contact Equifax rather than providing the information requested. Although Defendant previously provided documentation that it represented supported its position, Defendant did not provide the additional documentation requested by Plaintiff supporting its subsequent representations that it had fulfilled its reporting obligations during the relevant reporting period, which could have easily resolved and closed out this issue.

35. Had Defendant provided documentation demonstrating that it furnished accurate and corrected information to Equifax during the relevant reporting period, Plaintiff could have evaluated that evidence and determined whether Defendant could be excluded from liability for the reporting at issue. Instead, Defendant failed to provide the requested documentation supporting its representations and most recently provided only deferment approval letters, which do not establish what information Defendant furnished to Equifax during the relevant reporting period.

36. Plaintiff made repeated good-faith efforts to resolve this matter directly with Defendant before filing this lawsuit. Despite those efforts, Defendant has left unresolved whether it was liable for the reporting at issue during the relevant reporting period, and Plaintiff was unable to resolve that issue without proceeding with this action.

**COUNT I**

**Violation of 15 U.S.C. § 1681s-2b**

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Plaintiff disputed the inaccurate information directly with Defendant by telephone and subsequently disputed the information through Equifax, providing supporting documentation concerning her enrollment and deferment status.

39. Defendant was required to conduct a reasonable reinvestigation of the disputed information.

40. Defendant's reinvestigation was unreasonable in light of the information and documentation provided by Plaintiff.

41. Defendant failed to take its duties seriously, depriving Plaintiff of her right to an accurate and complete credit report.

42. As a direct and proximate result of Defendant's failure to comply with its duties under the FCRA, including its failure to conduct a reasonable investigation and its continued furnishing of false, inaccurate, and misleading information, Plaintiff suffered damages, including a decrease in her credit score, emotional distress, frustration, embarrassment, fear of applying for credit, fear of being denied credit opportunities, and the expenditure of time and effort attempting to correct her consumer report.

43. As a result of Defendant's willful and negligent violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, and punitive damages.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in favor of Plaintiff and against Defendant as follows:

A. Award actual damages pursuant to 15 U.S.C. § 1681n and 1681o;
B. Award statutory damages pursuant to 15 U.S.C. § 1681n;
C. Award punitive damages pursuant to 15 U.S.C. § 1681n; and
D. Award such other and further relief as the Court deems just and proper.

Dated: July 23, 2026,

Respectfully Submitted

/s/Shatria Gaines-Buck
20080 Weybridge, ST APT 301
Clinton Twp, MI 48036
Email: shatriagainesbuck@gmail.com
Phone #: 313-952-6278

# *EXHIBIT-A*

## CENTRAL RESEARCH INC

Report Date: May 15, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$2,801 (Original Loan Amount) − $-297 (Amount Paid) = $3,098 (Remaining Balance)

Details | Payments | 24 Month History

OVERVIEW

| | | | |
|---|---|---|---|
| Account Number | xxxxxxxxxxx 9629 | Months Reviewed | 97 |
| Account Status | OVER_120_DAYS_PAST_DUE | Activity Designator | - |
| Owner | INDIVIDUAL | Terms Frequency | MONTHLY |
| | | Term Duration | 120 MONTHS |

## CENTRAL RESEARCH INC

Report Date: May 15, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$3,500 (Original Loan Amount) − $-340 (Amount Paid) = $3,840 (Remaining Balance)

Details | Payments | 24 Month History

OVERVIEW

| | | | |
|---|---|---|---|
| Account Number | xxxxxxxxxxx 9929 | Months Reviewed | 36 |
| Account Status | OVER_120_DAYS_PAST_DUE | Activity Designator | - |
| Owner | INDIVIDUAL | Terms Frequency | MONTHLY |
| Account Type | INSTALLMENT | Term Duration | 120 MONTHS |
| Creditor Classification | - | Purchased From | - |
| | | Sold To | - |

## CENTRAL RESEARCH INC

Report Date: May 15, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$2,378 (Original Loan Amount) − $-287 (Amount Paid) = $2,665 (Remaining Balance)

Details | Payments | 24 Month History

OVERVIEW

| | | | |
|---|---|---|---|
| Account Number | xxxxxxxxxxx 9729 | Months Reviewed | 89 |
| Account Status | OVER_120_DAYS_PAST_DUE | Activity Designator | - |
| Owner | INDIVIDUAL | Terms Frequency | MONTHLY |
| Account Type | INSTALLMENT | Term Duration | 120 MONTHS |
| | | Purchased From | - |
| | | Sold To | - |

## CENTRAL RESEARCH INC

Report Date: May 15, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$3,021 (Original Loan Amount) − $-327 (Amount Paid) = $3,348 (Remaining Balance)

Details | Payments | 24 Month History

OVERVIEW

| | | | |
|---|---|---|---|
| Account Number | xxxxxxxxxxx 9829 | Months Reviewed | 72 |
| Account Status | OVER_120_DAYS_PAST_DUE | Activity Designator | - |
| Owner | INDIVIDUAL | Terms Frequency | MONTHLY |
| | | Term Duration | 120 MONTHS |

## CENTRAL RESEARCH INC

Report Date: May 15, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$2,000 (Original Loan Amount) − $-258 (Amount Paid) = $2,258 (Remaining Balance)

Details | Payments | 24 Month History

OVERVIEW

| | | | |
|---|---|---|---|
| Account Number | xxxxxxxxxxx 0029 | Months Reviewed | 36 |
| Account Status | OVER_120_DAYS_PAST_DUE | Activity Designator | - |
| Owner | INDIVIDUAL | Terms Frequency | MONTHLY |
| Account Type | INSTALLMENT | Term Duration | 120 MONTHS |
| | | Purchased From | - |

*EXHIBIT-B*

**Confirmation #**
6135589553

**Account information disputed**

Status
At least 120 days or more than four payments past due

**Reason for dispute**
The Status, Payment History, or Payment Rating on this account is inaccurate.

**Your supporting explanation**
Status is incorrect.Status is incorrect. The account should not be 120 + late as I am enrolled in school currently and I am eligible for deferment/forbearance status.

**Your supporting documents**

PDF Shatira Gaines A01028399....
View

## Next steps

- Equifax will research your dispute and notify you of the outcome within 30 days. If we are able to make changes to your Equifax credit report based on the information you provided, we will do so.
- Visit the **Dispute Center** to check the status of your dispute at any time.
- If you are submitting an ID Theft Block Request, to meet FCRA guidelines, an ID Theft Block Request will be treated as and referred to as a separate Dispute. You will receive email communications for each unique confirmation number in this Dispute. **If your ID Theft Block Request is rejected, you will receive a letter via US Mail notifying you of the rejection.**

**Equifax Information Services LLC**
P.O. Box 740256
Atlanta, GA 30374

## To file a dispute with Experian and TransUnion

If you need to dispute the same information on your Experian or TransUnion credit reports, contact them directly.

*EXHIBIT-C*

**Borrower's Name:** Shatira Gaines **Borrower's** [redacted]

**I certify that:**

- The information I have provided on this form is true and correct.
- I will provide additional documentation to my loan holder, as required, to support my deferment eligibility.
- I will notify my loan holder immediately when my eligibility for the deferment ends.
- I have read, understand, and meet the eligibility requirements in Section 2.

**I authorize** the entity to which I submit this request and its agents to contact me regarding my request or my loans at any cellular telephone number that I provide now or in the future using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

**Borrower's Signature:** Shatira Gaines

**Date (mm/dd/yyyy):** 03/24/2026

## Section 4: Authorized Official's Certification

**Note to Borrower:** As an alternative to having an authorized official complete this section, you may attach separate documentation from an authorized official that includes all of the information requested below or have your school report your enrollment to the National Student Loan Data System (NSLDS) at nsldsfap.ed.gov.

- The student identified in Section 1 is/was enrolled at the school below:
  - [x] Full time
  - [ ] At least half time, but less than full time
- Is the student enrolled at the school below as a regular student?
  - [x] Yes
  - [ ] No
- The enrollment period for which I am certifying the student's enrollment status begins/began on: (mm/dd/yyyy) 01/20/2026
- The enrollment period for which I am certifying the student's enrollment status ends/ended on: (mm/dd/yyyy) 05/11/2026
- The student is expected to complete their program requirements on: (mm/dd/yyyy) 05/19/2026

# *EXHIBIT-D*

| | |
|---|---|
| Account Number | xxxxxxxxxxx 0029 |
| Account Status | OVER_120_DAYS_PAST_DUE |
| Owner | INDIVIDUAL |
| Account Type | INSTALLMENT |
| Creditor Classification | - |
| Loan Type | EDUCATION_LOAN |
| Original Creditor Name | - |

| | |
|---|---|
| Months Reviewed | 36 |
| Activity Designator | - |
| Terms Frequency | DEFERRED |
| Term Duration | 120 MONTHS |
| Purchased From | - |
| Sold To | - |

BALANCE AND AMOUNTS

| | |
|---|---|
| Balance | $2,274 |
| Credit Limit | - |
| High Credit | $2,000 |
| Available Credit | - |

ACCOUNT DATES

| | |
|---|---|
| Date Opened | Mar 18, 2023 |
| Date Reported | Jun 08, 2026 |
| Date of Last Activity | - |
| Date of First Delinquency | - |

COMMI Search CONTACT

# EXHIBIT-E

## CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

$2,000 − $-274 = $2,274

Original Loan Amount — Amount Paid — Remaining Balance

Details | **Payments** | 24 Month History

### PAYMENT HISTORY

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | 120 | | | | | | | | | | |
| 2025 | ✓ | 120 | ✓ | ✓ | | | | | | ✓ | ✓ | ✓ |
| 2024 | | ✓ | ✓ | | ✓ | ✓ | ✓ | | ✓ | | ✓ | ✓ |
| 2023 | | | | | | | | | | | | |

| | | | |
|---|---|---|---|
| ✓ Paid on time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due |
| 120 120 Days Past Due | 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender |
| F Foreclosure | C Collection Account | CO Charge Off | B Included in Bankruptcy |
| R Repossession | TN Too New to Rate | No Data Available | |

*EXHIBIT-F*

# CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

$2,000 − $-274 = $2,274

Original Loan Amount — Amount Paid — Remaining Balance

Details | Payments | **24 Month History**

## 24 MONTH HISTORY

The table below shows up to 24 months of historical data. If the table is blank, this data was not provided to Equifax.

| Date | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/26 | $2,258 | $24 | - | - | $98 | $2,000 | - | 022 |
| 04/26 | $2,249 | $24 | - | - | $73 | $2,000 | - | 248 |
| 03/26 | $2,241 | $24 | - | - | - | $2,000 | - | 248 |
| 02/26 | $2,233 | $24 | - | - | - | $2,000 | - | 248 |

# *EXHIBIT-G*

## CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$3,021 – $-300 = $3,321

Original Loan Amount — Amount Paid — Remaining Balance

**Details** | Payments | 24 Month History

### OVERVIEW

| | |
|---|---|
| **Account Number** | XXXXXXXXXXX 9829 |
| **Account Status** | OVER_120_DAYS_PAST_DUE |
| **Owner** | INDIVIDUAL |
| **Account Type** | INSTALLMENT |
| **Creditor Classification** | - |
| **Loan Type** | EDUCATION_LOAN |
| **Original Creditor Name** | - |

| | |
|---|---|
| **Months Reviewed** | 72 |
| **Activity Designator** | - |
| **Terms Frequency** | DEFERRED |
| **Term Duration** | 120 MONTHS |
| **Purchased From** | - |
| **Sold To** | - |

### BALANCE AND AMOUNTS

| | |
|---|---|
| **Balance** | $3,321 |
| **Credit Limit** | - |
| **High Credit** | $3,021 |
| **Available Credit** | - |

### ACCOUNT DATES

| | |
|---|---|
| **Date Opened** | Feb 28, 2020 |
| **Date Reported** | Jun 08, 2026 |
| **Date of Last Activity** | - |
| **Date of First Delinquency** | - |

*EXHIBIT-H*

# CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

$3,021 − $-300 = $3,321

Original Loan Amount — Amount Paid — Remaining Balance

Details | Payments | **24 Month History**

## 24 MONTH HISTORY

The table below shows up to 24 months of historical data. If the table is blank, this data was not provided to Equifax.

| Date | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/26 | $3,348 | $35 | - | 08/26/2023 | $140 | $3,021 | - | I22 |
| 04/26 | $3,336 | $35 | - | 08/26/2023 | $105 | $3,021 | - | 248 |
| 03/26 | $3,325 | $35 | - | 08/26/2023 | - | $3,021 | - | 248 |
| 02/26 | $3,314 | $35 | - | 08/26/2023 | - | $3,021 | - | 248 |
| 01/26 | $3,302 | $35 | - | 08/26/2023 | - | $3,021 | - | 248 |

# EXHIBIT-1

‹ Back

## CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can **file a dispute**.

| $3,500 | − | $-306 | = | $3,806 |
|---|---|---|---|---|
| Original Loan Amount | | Amount Paid | | Remaining Balance |

**Details** | Payments | 24 Month History

### OVERVIEW

| | |
|---|---|
| **Account Number** | XXXXXXXXXXX 9929 |
| **Account Status** | OVER_120_DAYS_PAST_DUE |
| **Owner** | INDIVIDUAL |
| **Account Type** | INSTALLMENT |
| **Creditor Classification** | - |
| **Loan Type** | EDUCATION_LOAN |
| **Original Creditor Name** | - |

| | |
|---|---|
| **Months Reviewed** | 36 |
| **Activity Designator** | - |
| **Terms Frequency** | DEFERRED |
| **Term Duration** | 120 MONTHS |
| **Purchased From** | - |
| **Sold To** | - |

### BALANCE AND AMOUNTS

| | |
|---|---|
| **Balance** | $3,806 |
| **Credit Limit** | - |
| **High Credit** | $3,500 |

### ACCOUNT DATES

| | |
|---|---|
| **Date Opened** | Mar 18, 2023 |
| **Date Reported** | Jun 08, 2026 |
| **Date of Last Activity** | - |

*EXHIBIT-J*

‹ Back

# CENTRAL RESEARCH INC

Report Date: Jun 18, 2026

| $3,500 | − | $-306 | = | $3,806 |
|---|---|---|---|---|
| Original Loan Amount | | Amount Paid | | Remaining Balance |

Details | **Payments** | 24 Month History

## PAYMENT HISTORY

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | 120 | | | | | | | | | | |
| 2025 | ✓ | 120 | ✓ | ✓ | | | | | | ✓ | ✓ | ✓ |
| 2024 | | ✓ | ✓ | | ✓ | ✓ | ✓ | | ✓ | | ✓ | ✓ |
| 2023 | | | | | | | | | | | | |

| | | | |
|---|---|---|---|
| ✓ Paid on time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due |
| 120 120 Days Past Due | 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender |
| F Foreclosure | C Collection Account | CO Charge Off | B Included in Bankruptcy |
| R Repossession | TN Too New to Rate | No Data Available | |

## PAYMENT DETAILS

| | | | |
|---|---|---|---|
| **Months Reviewed** | 36 | **Date of Last Payment** | - |
| **Payment Responsibility** | INDIVIDUAL | **Scheduled Payment Amount** | $0 |
| **Deferred Payment Start Date** | Mar 2027 | **Actual Payment Amount** | $0 |
| **Date Closed** | - | **Charge Off Amount** | - |

# *EXHIBIT-K*

Report Date: Jun 18, 2026

$3,500 – $-306 = $3,806

Original Loan Amount | Amount Paid | Remaining Balance

Details | Payments | **24 Month History**

## 24 MONTH HISTORY

The table below shows up to 24 months of historical data. If the table is blank, this data was not provided to Equifax.

| Date | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/26 | $3,840 | $41 | - | - | $166 | $3,500 | - | 022 |
| 04/26 | $3,825 | $41 | - | - | $125 | $3,500 | - | 248 |
| 03/26 | $3,812 | $41 | - | - | - | $3,500 | - | 248 |
| 02/26 | $3,797 | $41 | - | - | - | $3,500 | - | 248 |
| 01/26 | $3,782 | $41 | - | - | - | $3,500 | - | 248 |
| 12/25 | $3,768 | $40 | - | - | - | $3,500 | - | 248 |
| 11/25 | $3,686 | - | - | - | - | $3,500 | - | 088 |

*EXHIBIT-L*

# CENTRAL RESEARCH INC

Report Date: Jul 02, 2026

If you find information in your credit report that you believe is incomplete or inaccurate, you can file a dispute.

$2,000 Original Loan Amount − $-274 Amount Paid = $2,274 Remaining Balance

**Details** | Payments | 24 Month History

## OVERVIEW

| | |
|---|---|
| **Account Number** | xxxxxxxxxxx 0029 |
| **Account Status** | OVER_120_DAYS_PAST_DUE |
| **Owner** | INDIVIDUAL |
| **Account Type** | INSTALLMENT |
| **Creditor Classification** | - |
| **Loan Type** | EDUCATION_LOAN |
| **Original Creditor Name** | - |
| **Months Reviewed** | 36 |
| **Activity Designator** | - |
| **Terms Frequency** | DEFERRED |
| **Term Duration** | 120 MONTHS |
| **Purchased From** | - |
| **Sold To** | - |

## BALANCE AND AMOUNTS

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Macomb

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHATRIA GAINES-BUCK

(b) County of Residence of First Listed Plaintiff MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
20080 WEYBRIDGE ST. APT 301
CLINTON TWP, MI 48036

## DEFENDANTS

CENTRAL RESEARCH, INC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ■ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Failure to reasonably investigate disputed information under 15 U.S.C. 15 § 1681 s-2.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

DATE
July 23, 2026

SIGNATURE OF ATTORNEY OF RECORD
Shatria Gaines-Buck

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
■ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
■ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :